Good morning, Your Honors. Good morning. May it please the Court, my name is Craig LaChance, and I represent the appellant Warren Richards. I would like to reserve two minutes for rebuttal. Our position on this appeal is that the sanctions order against Richards and his counsel, Mr. Williams, should be reversed. The issues in this appeal are what test does Arizona apply in interpreting its no-contact rule? Was the witness in this case, Ms. Nicole Depar, a represented party under that test? And did Richards' counsel have the requisite intent to violate the no-contact rule? Now, as to the first issue, courts have formulated a variety of tests to determine which individuals are represented parties when an attorney's client is an organization. And here the district court sanctioned Richards' counsel, Richards and his counsel, under Arizona's no-contact rule as embodied in Arizona Rule of Professional Conduct 4.2. Due to the merits, don't you have to convince us you have a right to be here? There is the jurisdictional issue, Your Honor. Yes, there is that picky little jurisdictional issue. You know, our issue in taking this appeal when we did is that the district court was going to remand this matter to state court. And we determined at that point that there was no way for us to have this sanctions order effectively reviewed. While this case was pending before the district court, this would be in order. Well, tell me procedurally. There's a little bit going on here because it gets removed to Federal court, but your side of the case takes these various positions about the remand issue. And then it appears that then if you were really concerned about that, the notice of appeal was not filed within 30 days of any district court order. So how is this even timely? You know, assuming that you can get past Mohawk, I don't even see you have a timeliness problem. Well, I think the timeliness issue, we determined that we needed to appeal this under the collateral order doctrine when the district court indicated that it was going to remand this case. Yes, we filed various motions to remand. All of those were denied. For two years, this was pending in front of the district court. So you want it to be remanded. And then when it's finally going to get remanded, then that's problematic for you. But then you never, even though you're asking it to remand, if why didn't you appeal any of the other, you didn't file a timely notice of appeal, you're asking it to be remanded, so then your concern should have been it wouldn't have been reviewable if you got what you wanted, and you don't file anything timely. Well, this, Your Honor, this case, the entire time we were moving to remand, this was pending in front of the district court. And this was admittedly an interlocutory order that would not be a final order. If this case was never remanded, we would have appealed the sanctions order as part of an appeal at the end of the case. So when the district court said we are remanding this, we were left with what we viewed as no option at that point. We either had to appeal this case immediately while the district court still had Federal jurisdiction or lose our right entirely, because I don't see how a State appellate court is going to review a Federal district court's sanctions order. So our position with respect to jurisdiction is that this court has jurisdiction under the collateral order doctrine because this is effectively unreviewable. I don't see and the appellees have not suggested how we would get this reviewed on appeal at this point. Well, there's something called a writ of mandate, but you're not even asking for that. So we are asking for this court to accept jurisdiction under the collateral order doctrine. I see that as problematic under Mohawk, so maybe you need to make your best argument there. I think if you look at the elements of the collateral order doctrine, does it conclusively determine a disputed question? Yes. The court unequivocally found that Richards and his counsel violated 4.2. Does it resolve issues separate from the merits? Yes. The issue here is the sanctions order. It has nothing to do with Mr. Richards' wrongful termination case. And is it effectively unreviewable on appeal? We would submit that, yes, it is effectively unreviewable. That's only true because of the remit? Yes. I mean, it wouldn't in the nature of things be so. That is correct. And we admit that. We admit that this was not an appealable order until the remand, and that this is maybe it's a new class of cases under the collateral order doctrine. Never. This was still something the Federal court had to take care of, and this was the Federal court's last shot. Yes. That is our position. That is correct. Your Honor. Suppose that we were to decide that we could construe what you have filed as a writ. What is so bad about the sanction? The problem with this sanction is that the district court, in our view, misapplied Arizona law. We, as we indicated in our briefs, Arizona follows what's known as the alter ego test. And this test has its origins in a New York court of appeals case and has since been adopted by the restatement of the law governing lawyers. Now, this alter ego test bars communications with an employee or agent who supervises or consults with an attorney about the legal matter, whose acts or omissions are at issue in the legal matter, or whose statements bind the organization with respect to that matter. And as we noted in the brief, the three prongs of this test kind of track to the three prongs in Arizona Rule 4.2. But what the alter ego test does is kind of contextualize those prongs. But let me try to talk, let me try to put this in simple terms that I can understand. You were sanctioned for improper contact with an employee of the other side. Correct. And the other side was represented by counsel. Correct. There's no question that the contact took place. There's no question that the contact took place. That is correct. And your, your, and there's no question that Arizona ethical standards bar contact with represented parties that include certain kinds of employees. That is correct. And your position is that this employee was not that kind of employee. That is exactly our position, that she was not covered by the rule. Why were you meeting with the employee in the first place? We viewed her as a fact witness in this case, that she was a fact witness that was not covered by the rule, and we were entitled to meet with her. She is, her acts or omissions were not at issue in this case. She was not the one consulting with counsel in this case. And we view her position as. So why did you keep it secret? I'm not. I think. It was such an upfront kind of thing to do. She had said, she had requested of my client, Mr. Richards, that he not make it known to the court that she had met with him. She had given an affidavit at the time they met, and then later emailed him and said, you know what, subpoena me. And so out of respect for her wishes, we acted as if we were just going to subpoena her. Well, but, okay, but it's undisputed that you didn't notify the other side that you were going to make contact. That is correct. Right. So the judge basically doesn't sound like the judge believed your side. And so why, you know, I guess it's almost like I feel like as a matter of law, is this wrong? You know, the disputes over who does this employee fit, can this employee fit into that, and the judge, there were some factual disputes there, and the judge basically, you know, for whatever reason didn't believe your side. And so why is the judge wrong on that? Well, I think the judge was using the wrong framework to even analyze this. But you seem to feel that because the bar didn't discipline someone for that, that that per se means there wasn't a violation, which I think if you were taking one of those law school exams or something and say if that, then that, they don't necessarily, just because the person wasn't disciplined doesn't mean they didn't violate that statute. Well, we found that the state bar's findings were pretty unequivocal insofar as they found that Mr. Williams had a good faith basis for what he did, that he had conducted an investigation before he acted, and that he didn't act with the requisite mental state, which is he had to have actual knowledge that this witness was a represented party. What kind of an investigation did the state bar think had been conducted? Mr. Williams had spoke to the witness prior to asking her any questions about the representation about her role, and she had specifically told him at that point, I am, as much as I would like to think, I'm a decider, I'm really a doer. She described her role within the defendant's organization, and Mr. Williams determined that he was entitled to speak to her based on what she said and based on what Arizona case law had to say on that matter. When was the finding of the state bar? I believe that was about a year later. After the sanction. After the sanction. Yes. This comes down to an issue, doesn't it, where the evidence permits the inference that he was, your client was careful and studious and tried to stay within the parameters of the law, and where, as my sister has just pointed out, there is also evidence of deception and of trying to keep something a secret which deserves another inference. The Arizona State Bar chose to go with one inference, the district judge with another. What's wrong with that? I would dispute that there was deception here. I know you would, but the district court, they decided to go with the evidence to review the evidence a certain way. Why aren't you stuck with that in the district court? It was a district court, and it wasn't in any way bound to follow the factual findings of the Arizona State Disciplinary Board. Your Honor, I think the district court viewed the evidence through the wrong prism. If you look at the district court's order, what the court was doing is saying, is Ms. DiPara a manager? And yes, the district court said some things about the credibility of the respective parties. There is an antecedent question with respect to what test. I understand that. Yes. And that is the issue I am arguing on appeal, because this Court issued a sanctions order based on a certain perception of the test to apply to Ethical Rule 4.2. Your point is that the district court got it wrong as a matter of Arizona law. Correct. The disciplinary board, well, did it really speak to the issue of law? It really didn't speak to the issue of law, no. They just found that Mr. Williams lacked intent, that he did not know. So they refused to find that he intentionally violated the rules of ethics. That is correct. They found no cause. That does not mean that the district court was in error in saying that there was a violation. That the conduct violated the standards. I realize that those are your arguments. That's the problem with a district court that's running litigation and sees conduct that takes place that violates a standard of ethics. Are you saying that the district court had to find that this was intentional, that the party had to make all of the findings that the State Bar would have to make in order to find a violation? I think the district court should have considered vacating the sanctions order based on the findings that the State Bar made. The State Bar is the organization in Arizona tasked with interpreting and promulgating the ethical rules. And if the State Bar finds there's been no violation. But the State Bar is looking at it from the perspective of do we reprimand this person, do we suspend this person, do we disbar this person? And the judge is looking at are sanctions appropriate because of this conduct and how it affected the litigation and the parties, correct? That is correct. And I think the State Bar finding and the issue as to whether the district court applied the proper test are two separate issues. And I think even aside from the State Bar finding, we can sit here and say the district court did not look at this, as I said, through the proper test. When was the district court asked to withdraw the sanction as a result of the State Bar finding? About a year later, we gave the State Bar order to the district court, submitted it to the district court. Do you want to reserve a minute for rebuttal? Yes, I would. Okay, thanks. Good morning. Good morning, Your Honors. May it please the Court, my name is Michelle Gans of Ogletree Deacons and I Are you going to be using all the time yourself? I know you have counsel at table as well. Yes, Your Honor. I'll be arguing the entire duration. Okay. Thank you. Your Honor, I want to briefly address the jurisdiction argument. I think that an appellant has the right to appeal. I think that an appellant has two problems with the argument that they have asserted. The collateral order doctrine does not apply to the category of orders that are before this court on this appeal. This order could fall into either an attorney's sanction or an attorney disqualification order. It also was a discovery sanction. And in Cunningham v. Hamilton, the United States Supreme Court addressed sanctions orders and said that those are not collateral orders that fall under the exception to the final judgment rule. Has that case come up in the context we have here of a Federal case that is being remanded to State court? No, Your Honor. And neither Supreme Court case, Cunningham v. Hamilton, which was the sanctions case, Richardson-Merrill was the United States Supreme Court on disqualification. What are we going to do with this doggone thing? I mean, it's going to go back to the State court. We're going to never see the case again. But this is a Federal matter. When you concede that, it's a disciplinary matter. This sanctions matter is a Federal matter. It goes to the dignity of the Federal proceedings, the integrity of the Federal proceedings. Is there no appeal? Certainly, Your Honor. This is a Federal matter. And as Judge Callahan addressed, the fact that there's also a timeliness issue. And, again, the appellant has the burden to assert appropriate basis for jurisdiction and has done so under the collateral order doctrine. And I'll note also that the United States Supreme Court has noted that cases where an order may fall into one of the three elements under the collateral order doctrine, which may occur in certain circumstances on discovery sanctions or attorney disqualification motions, don't then qualify it as a collateral order because the effort has been made, and as this Court recognized in Stanley, the orders into an area. And even if they fall under one element, which appellants are arguing that this falls under the effectively unreviewable, the third element of the collateral order doctrine. You know, at a level of abstraction that doesn't solve anybody's problem, that's my problem, frankly, with your position. We've got to review this case. Somebody's got to review this case. How do we do it? Certainly, Your Honor. And, again, our position is solely that the collateral order doctrine is not the mechanism and that appellant has not asserted any other appropriate mechanism to do that. Could it have been a written mandate? Perhaps, Your Honor, but again, we are brief and we're here today addressing the burden that the appellant has to establish jurisdiction. Is there any reason why we could not, as my sister suggested, we couldn't just simply construe this as a petition for writ of mandamus, grant the thing and decide the case? Certainly, Your Honor. And under those circumstances, the appellant still has a burden that he cannot sum out. But for that matter, deny it on the ground that it doesn't raise something that is clearly outside the prerogative of the court to do. Correct. Correct. Absolutely, Your Honor. How would you be prejudiced if we were to construe it as a writ of mandate? Your Honor, I'm not certain that we would be prejudiced. Again, and primarily because the underlying merits of the appeal, which I would like to address as well, are not sufficient to support this Court's overturning. But also, appellant has another problem with standing, because the notice of appeal that was filed in this matter named Warren Richards, the plaintiff in the case, as the appellant. And appellant has taken the position that the order at issue in arguing the collateral order of action has no lingering tie to the merits of the case. And actually, Mr. Williams, Sarah Williams, the attorney in question under this order, no longer represents the plaintiff. So the sanctions that are being addressed are the fact that he has been found to violate 4.2, that part of the order, and the financial sanctions as well that the court levied. This Court has held that when the attorney is the one whose interests are actually at issue in an appeal, then it is the plaintiff, the individual party, doesn't have standing to bring that appeal on his behalf or her behalf. Okay. We understand that. Could you, but the order that is sought to be appealed was an order imposing the monetary sanctions. Is that right? Yes, Your Honor. The district court imposed evidentiary sanctions excluding the improperly obtained affidavit and any related evidence as well as financial sanctions and the attorney's fees and costs incurred by the moving parties. So the order went to what was going on in the litigation as well as the obligation of the attorney to pay the monetary sanctions. To the extent that, yes, Your Honor, to the extent that the evidence obtained related to the motion to remand that plaintiff had filed at that time. But Appellant, again, has taken the position that that evidence and that information no longer pertains to the merits of the case. The case is actually in state court represented by separate, again, the district court. So who is obligated to pay the sanctions? Is the client obligated to? Your Honor, it is highly unlikely. But under the order, are they both obligated? The order addresses both plaintiff and Mr. Williams directly. But again, this court has held in the estate versus bishop or estate of bishop versus Bechtel that when sanctions, financial sanctions are levied against, even when levied against both the plaintiff and the attorney, the high unlikelihood that the attorney will turn to their client, particularly when the conduct at issue is really the attorney's conduct. Obviously, plaintiff not being obligated under the ethical rules, it would be the true interests are of the attorney. Well, yeah. But the question is whether or not there's some kind of fatal defect in not having the attorney as the party named in the appeal. When did the ‑‑ when was this order entered in relation to the finding of the State Bar that there had been no intentional violation of the ‑‑ It was approximately one year later after the ‑‑ it was shortly before the The thing that brought this to a head was the remand. Is that ‑‑ Yes, Your Honor, and I believe Appellant takes that position as well. But, Your Honor, you raise the issue of the State Bar. And, of course, there is an important point. We're talking a lot today about the alter ego test, which Appellant incorrectly asserts is the test in Arizona. But the district court has powers, the inherent power to discipline attorneys before it, as this court noted in Trone v. Smith. And the district court cited its inherent powers. The findings of the district court, when she held that Mr. Williams had engaged in inappropriate conduct under ER 4.2 by speaking with a current management employee of defendant Holson Bakery, she also went on to find that Mr. Williams' conduct actively deceived both defendants and the court. And that conduct alone is sanctionable. And the court has authority to sanction aside from the ER 4.2. I'm just trying to understand the chronology here. The sanction order was entered a year before the State Bar's findings. And then the ‑‑ this order, the imposing the monetary sanctions that was being No, Your Honor. To clarify. Okay. Yes. That's what I thought you said. This order was ‑‑ the order that is being directly appealed is the sanctions order in which the district court in 2009 determined that Mr. Williams had violated ER 4.2 and acted deceptively and then issued the sanctions under her apparent or her inherent authority. The district court's order also included that the parties should refer her order to the State Bar. So it was a result of the district court's order. So the sanctions were the trigger for the State Bar to get involved. Yes, Your Honor. But, all right. So then, and that's prior to the ‑‑ the sanctions occur prior to the remand. The remand occurs. This appeal is filed how much after the remand? Your Honor, the notice of appeal was actually filed prior to the remand. Plaintiff actually asked the court for Rule 54B certification initially, ultimately withdrew that motion and then filed, turned around and filed a notice of appeal upon shortly before, upon learning that the court intended to remand. Correct. The court had announced what it was going to do. Yes.  That's correct, Your Honor. All right. And they filed. And that's when they filed the notice of appeal. And the time expired for filing. Nothing else happened. That's correct, Your Honor. At what point was the district court shown the order of the State Bar? Your Honor, the plaintiff moved to set aside the district court's sanctions order. And that was actually done on August 17th of 2010. So, again, almost a year later. As a result of the district court's sanctions order. Before the announcement of the intent to remand? Yes, Your Honor. What did the district court say when it saw the State Bar order? Your Honor, the State, the basis of the motion to set aside was a legal argument that the Younger Abstention Doctrine applied. And as you all know, the Younger Abstention Doctrine does not apply in this circumstance. And that would be in a situation, it applies in a situation where there are concurrent proceedings in Federal and State court. And the Federal court will withhold jurisdiction to allow the State court to come to a determination. Okay. So the district court said this is in the Younger Abstention Doctrine. Exactly. And, actually, the district court said that the motion bordered on frivolous because of the legal basis. And, notably, appellant has not appealed the legal basis for the court's order refusing to set aside her court order, the sanctions order. Did the appellant ever argue to the district court that it had applied the wrong standard in issuing, in sanctioning the appellant? No, Your Honor. In the original briefing on the motion to disqualify Mr. Williams, plaintiff then, appellant, argued that a different test applied. Actually, argued that the functional test set forth in a case in Arizona that addresses the attorney-client privilege applies. And the district court rejected that in the original sanctions order. The motion to set aside was purely, entirely based on the Younger Abstention Doctrine, which, again, did not apply. And they have not appealed that order. So the State bar decision, frankly, is not even properly before this Court because it was only brought to the district court's attention through the Younger Abstention Doctrine argument, which the court rejected. And, again, they have not appealed. But the limitation of the ethical standard in Arizona that is now argued to us on the merits was never argued to the district court. Is that what you're telling me? The alter ego was briefly addressed. But the primary argument that they made was the functional test that arose out of the Good Samaritan v. Good Farb case. But, again, what we haven't discussed is the fact that Arizona law is very clear. And the alter ego test is an entirely separate test that does not correlate. It's actually almost mutually exclusive to the test that Arizona has applied. The Arizona Supreme Court adopted ER 4.2 and comment 2 directly from the ABA model rules, the 1983 ABA model rules. And the Supreme Court of Arizona adopted it and in the preamble expressly states that it is adopted with the intention that the rules, including 4.2, conform with the model rules of professional conduct adopted by the American Bar Association of 1983, again setting forth the standard that that comment is the law. This comment has also been addressed in every relevant legal forum in Arizona, including the Arizona appellate court in Lange v. Superior Court. Lange v. Superior Court is a seminal case in Arizona on this and, again, addresses head-on the comment 2 and the three categories under which, through that comment, individuals who are employees or former employees of a corporate party can be considered a represented party. Arizona State Bar Committee also has addressed it in several ethics opinions and, again, acknowledged that the test to determine whether an individual is a represented party when they work for a corporate party is the three element or three category test set forth in comment 2 adopted by the ABA in 1983. And, again, also Arizona district courts have used this test and applied this test. The all true ego test is a test that was essentially created out of whole cloth by the New York appellate court in Nesig v. Team 1. And the Nesig court addressed the fact that there was no similar comment to the New York ER 4.2, the no contact rule, and then went through an analysis of a variety of different tests that it could adopt and ultimately landed on what it defined as the all true ego test. Several other courts have addressed that as well. And, actually, this court in Palmer v. Pioneer Inn addressed the difference and called the difference significant, the difference between comment 2, the Arizona law, and the all true ego test adopted or introduced by Nesig. And that was addressed both in this court's 2001 and 2003 decisions in Palmer v. Pioneer that were related to ER 4.2. The Supreme Court of Nevada, when the matter was certified back to that court, also, again, going through the analysis of the various tests it had available to it, addressed the fact that in Nevada they had not adopted comment 2, and then went on to discuss the significant differences between the all true ego test and comment 2. Your time has expired, so you need to wrap up. Okay. Your Honors, again, the appellant here is the plaintiff. He has not included his attorney. And under the prior decisions of this court, we would argue that the appellant does not have standing. But, nonetheless, the merits of the argument fail. The district court applied the correct legal standard and, as Your Honors noted previously, used its discretion to make factual determinations that were appropriately supported by the facts presented to it in these motions. Thank you for your argument. Thank you. I'll, just to help Your Honors out, I think I can sum up the chronology very quick. Sanctions order 2009, State Bar decision 2010, Notice of Appeal 2011. A couple issues. First, whether we ---- And remand. Remand. Remand occurred a couple weeks after we noticed our appeal. Shortly there. There was a hearing before the district court where the district court said, I don't see how I have jurisdiction over this anymore. And that's when we moved first for the Rule 54B. The appellees opposed that, saying, no, they're not entitled, this is not a final order, they're not entitled to get that. And we said, okay, fine. Then we're just going to appeal under the collateral order doctrine right now. I need to address, I guess, quickly, very quickly, the standing issue. I think there's a reason they raised this argument in a footnote in their brief. The sanctions order is against both Mr. Williams and Mr. Richards. There is no order as to who is responsible for attorneys' fees. But even if there was a problem, I think that Federal Rule of Appellate Procedure 3C4 allows for an appeal to continue if there's some informality of form or a failure to name the party whose intent to appeal is otherwise clear from the notice. I think the fact that we've appealed the sanctions order, the order for fees, we noticed Mr. Williams on the representation statement. I think it's pretty clear that he is the one, in addition to Mr. Williams, that also would like to be here on appeal. All right. I've allowed you an extra minute, so thank you for your argument. Thank you, Your Honors. All right. This matter will stand submitted. This matter will stand submitted. This matter will stand submitted.
judges: Schroeder, Ripple, Callahan